UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN O'MARA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01573-MTS |
| ) | |
| BOB RAEKER PLUMBING CO. ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' First Amended Motion to Reopen Case, Doc. [23], in which Plaintiffs ask the Court to reopen this case that the parties previously dismissed. Doc. [14]. Plaintiffs assert that Defendant has breached the terms of the parties' settlement such that Plaintiffs may now seek to reopen the case and file a consent judgment. Doc. [23] at 1. The question here is whether the Court has ancillary jurisdiction to reopen[1] this case to enter that consent judgment. Defendant argues the Court does not have ancillary jurisdiction to do so, Doc. [24], and, for the reasons explained herein, the Court agrees that it lacks jurisdiction.

"[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts." *Badgerow v. Walters*, 142 S. Ct. 1310, 1317 (2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–382 (1994)). Therefore, district courts do not possess inherent power—that is, automatic ancillary jurisdiction—to enforce an agreement settling federal litigation. *Miener ex rel. Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (citing *Kokkonen*, 511 U.S. at 380).

---

[1] Plaintiffs did not move to set aside the Judgment. *See* Fed. R. Civ. P. 60(b); *see also White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014) (concluding "a stipulated dismissal constitutes a 'judgment' under Rule 60(b)," which means "relief under the Rule is thus available to a party that stipulates to the dismissal of a lawsuit").

But a district court can have ancillary jurisdiction to enforce a settlement agreement in an action "if the parties' obligation to comply with the terms of the settlement agreement [are] made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the [dismissal] order." *Kokkonen*, 511 U.S. at 381; *accord Sheng v. Starkey Labs., Inc.*, 53 F.3d 192, 195 (8th Cir. 1995).

Here, the terms of the settlement agreement were not made part of the dismissal. Indeed, the settlement agreement was never even made a part of the case file at all. Rather, the parties merely referenced the settlement agreement in their "Stipulation of Dismissal Without Prejudice," filed on April 9, 2021 and "signed by all parties who ha[d] appeared," see Fed. R. Civ. P. 41(a)(1)(A)(ii).[2] Along with referencing the settlement agreement, the parties' Stipulation of Dismissal "request[ed]" that Plaintiffs have "the right to reopen and file a consent judgment in the event [D]efendant defaults upon the parties' settlement agreement." Doc. [14]. On April 12, 2021, the Court entered an Order that stated, "pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the parties' stipulation of dismissal, Doc. [14], this matter is DISMISSED without prejudice." Doc. [15]. Plaintiffs now argue that the Court's April 12th Order retained ancillary jurisdiction over this action. For at least two reasons, Plaintiffs are incorrect.

*First*, the Court's April 12th Order was "superfluous" and had no effect because stipulations of dismissal under Rule 41(a)(1)(A)(ii) are automatic and self-executing.[3]

---

[2] While the parties' Stipulation of Dismissal cited only to Federal Rule of Civil Procedure 41 generally without citing to any subsection, the Stipulation's title and the signatures of all parties who had appeared plainly identified it as a stipulation of dismissal under Rule 41(a)(1)(A)(ii). Further, the Court immediately identified to the parties that it construed the filing as a stipulation of dismissal, see Doc. [15] (citing Fed. R. Civ. P. 41(a)(1)(A)(ii)), and Plaintiffs do not argue that the filing was anything other than a stipulation of dismissal, see, e.g., Doc. [23] at 1 (citing Fed. R. Civ. P. 41(a)(1)(A)(ii)).

[3] The Court entered orders like the one in this case after Rule 41(a)(1) filings because the Clerk of Court does not close a case without the Court's direction. More recently, though prior to the original Motion to Reopen in this case, this Court has used more precise language to reflect Rule 41(a)(1)'s self-executing nature. *See, e.g., Church Mutual*

*SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010).  When Plaintiffs filed the parties' Stipulation of Dismissal, it immediately dismissed this action.[4]  *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) (explaining a stipulation of dismissal under Rule 41(a) is "effective automatically and does not require judicial approval"); *Est. of West v. Smith*, 9 F.4th 1361, 1366–67 (11th Cir. 2021) (noting a stipulation of dismissal under Rule 41(a) "immediately divest[s] the district court of jurisdiction over the case"); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) (noting stipulated dismissals under Rule 41 "require no judicial action or approval and are effective automatically upon filing"); *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 407–08 (3d Cir. 2016) (agreeing with "[e]very court [that has] considered the nature of a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii)" that it is "immediately self-executing").

Therefore, since this action automatically and immediately was dismissed upon Plaintiff's filing of the parties' Stipulation, the Court did not make—and could not have made—the terms of the settlement agreement a part of the Order it subsequently entered, regardless of the Order's language.  *See SmallBizPros*, 618 F.3d at 463 (explaining that "any action by the district court after the filing of such a stipulation can have no force or effect"); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) (noting "a district court cannot retain jurisdiction by issuing a postdismissal order to that effect"); *Hendrickson v. United*

---

*Ins. Co. v. The Metropolitan Christian Worship Center of St. Louis*, 4:19-cv-00903-MTS, Doc. [50] (E.D. Mo. Aug. 8, 2021) (directing the Clerk of Court "to close th[e] case in light of the Stipulation of Dismissal signed by all parties who have appeared").

[4] Though a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is automatic and self-executing, parties may not, on their own, retain a district court's jurisdiction via the stipulation.  *See Kokkonen*, 511 U.S. at 381 (explaining that if parties to a suit "*wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can *seek* to do so" (emphasis added)); *Cap. City Bank Grp., Inc. v. Capitol City Bank & Tr. Co.*, 5:03-cv-00256-HL, 2007 WL 640554, at *2 (M.D. Ga. Feb. 26, 2007) ("[T]he ultimate authority for determining whether jurisdiction should be retained is the district court."); *see also 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir. 2003) ("[P]arties may not expand the limited jurisdiction of the federal courts by waiver or consent.").  Plaintiffs do not argue that the Stipulation of Dismissal on its own could have retained the Court's jurisdiction.

*States*, 791 F.3d 354, 361 (2d Cir. 2015) (holding that a district court's "post-dismissal actions cannot confer upon the court ancillary jurisdiction to enforce a settlement agreement").

*Second*, even if the Court's Order *could* have had an effect, the mere reference in the Order that the dismissal was "pursuant to" the parties' stipulation of dismissal—which itself only *referenced* a settlement agreement and did not attach it—would not have been sufficient to make the settlement agreement a part of the Order. *See* Doc. [15]. "The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement Agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999) (quoting *Miener*, 62 F.3d at 1128); *see also Sheng*, 53 F.3d at 195 (stating that a dismissal order "'reserving jurisdiction' to permit any party to reopen the action" did "not suffice to retain jurisdiction over the settlement agreement").

And, here, the Order was not even made "pursuant to" the terms of a *settlement agreement* but rather to the parties' *stipulation of dismissal*, which then itself merely referenced a settlement agreement. *Cf. Schaefer Fan Co. v. J & D Mfg.*, 265 F.3d 1282, 1287 (Fed. Cir. 2001) (finding district court's dismissal "pursuant to a confidential *settlement agreement*" was sufficient where the agreement then "expressly authorized each party to enforce the agreement in district court" (emphasis added)); *see also id.* at 1291 (Dyk, J., dissenting) (opining that even district court's dismissal language of "pursuant to a confidential settlement agreement" was insufficient to incorporate the settlement agreement and confer ancillary jurisdiction on the district court to enforce it). As the Supreme Court explained, a judge's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381. And, again, all that is operating under the fiction that the Court

could retain ancillary jurisdiction *after* the parties dismissed the case, which the Court has concluded it cannot do.

Plaintiffs warn of the "wide ranging impacts" a finding of no ancillary jurisdiction in this case would have. Doc. [25] at 4. But the Court concludes it does not have jurisdiction to reopen this case, and policy arguments do not influence whether a federal court has subject matter jurisdiction. Given the Court's conclusion that it lacks ancillary jurisdiction, even if it purported to reopen the case despite this conclusion and entered the consent judgment, it would be for naught. Defendant here contests jurisdiction, and while a party's consent or objection to subject matter jurisdiction has no legal effect, it likely here would have the practical effect of causing an appeal, an appeal that in the Court's best judgment would be meritorious. And contrary to Plaintiffs' position, litigants need not be "discourage[d] . . . from settling any matter without the entry of a consent judgment." *Id.* If parties to a suit "wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." *Kokkonen*, 511 U.S. at 381.

If parties desire a district court to retain ancillary jurisdiction, they may file a motion with the court, and wait for the court to issue an order retaining jurisdiction, before they file a stipulation of dismissal. The parties also could make the stipulation of dismissal's effectiveness "expressly contingent upon some future act," (e.g., the district court's entry of an order retaining jurisdiction). *SmallBizPros*, 618 F.3d at 463; *accord Anago Franchising*, 677 F.3d at 1278 (explaining that a stipulation under Rule 41(a) "becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence"). Then, if the parties make the stipulation contingent, the court can choose to retain ancillary jurisdiction and ensure that the dismissal order "expressly retain[s] jurisdiction or otherwise embod[ies] the terms of the

agreement . . . so that any violation of the terms would also be a violation of the court's order." *SmallBizPros*, 618 F.3d at 464.  Litigants also could file a motion to dismiss under Rule 41(a)(2), in lieu of a stipulation of dismissal, and move the district court to both retain ancillary jurisdiction and dismiss the case.  Because multiple ways for the parties to settle disputes still allow district courts to retain ancillary jurisdiction, the Court's conclusion in this case should have no "wide ranging impacts."

## CONCLUSION

Jurisdiction "is a strict master and inexact compliance is no compliance." *SmallBizPros*, 618 F.3d at 464.  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reopen Case, Doc. [16], and Plaintiffs' First Amended Motion to Reopen Case, Doc. [23], are **DENIED**.

Dated this 6th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE